THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. EDWARD MORGAN, PLAINTIFF IN ERROR.

Submitted November 6, 1924—Decided February 2, 1925.

**Crimes—Rape—Girl Not Called by State, But Testified for Defense, That Defendant was Not Guilty—Reason, Perhaps, for Not Calling by State was Medical Report That Girl was of "Mental Age" of About Eight Years—Doctor's Report Based on Examination Made by Others—Error to Admit It, and New Trial Ordered.**

On writ of error to the Morris Quarter Sessions.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and KATZENBACH.

For the plaintiff in error, *Elmer W. Romine.*

For the defendant in error, *James H. Bolitho.*

PER CURIAM.

The defendant was convicted of rape upon his step-daughter, and brings this writ of error. We conclude that the judgment must be reversed, and find it unnecessary to deal with more than one point urged for reversal. The girl herself was not a witness for the state; in fact, she was called for the defense, and testified, in substance, that the defendant was not guilty. The testimony for the state was largely that of a man named John McCurdy, who was a lodger in the defendant's house, and who claimed to have seen and heard things that indicated the defendant's guilt.

The prosecutor, perhaps to explain or excuse the failure of the state to call the girl herself, produced as an expert witness, Doctor Marcus A. Curry, who stated that he had made a report to the prosecutor of the "mental age" of the girl. Before he gave the contents of this report, he was cross-examined, and it appeared that he did not personally ex-

amine her at any time; that he based his testimony, or that he was going to base his testimony, on the report that was made to him in writing of an examination made by other persons. Over objection, he stated what he considered to be the mental age of the girl, based on this report. This, of course, was clearly erroneous. The report had not been made by Doctor Curry, and, therefore, there was no right of cross-examination given to the defendant through his counsel to determine the accuracy of the statements made in the report. Apparently, the report itself was not offered in evidence, whether competent or otherwise. The effect of Doctor Curry's answer was that he found the girl to have a mental age of eight years and eight months, and this testimony was used before the jury in the argument as tending to explain why the girl had not been called as a witness to testify against the defendant. It was therefore prejudicial error to the defendant, especially as it was made the subject of comment by the judge in his charge. This obvious error makes it unnecessary to deal with any of the other questions presented.